IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | Superior Court Case No. **CF0097-23** |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **DECISION AND ORDER** |
| **BEN CASTRO CRISOSTOMO,** | ) | **RE. LIMITED REMAND ORDER** |
| DOB: 10/31/1983 | ) | |
| | ) | |
| Defendant. | ) | |

## **INTRODUCTION**

This matter is before the Honorable Judge Maria T. Cenzon upon the Supreme Court of Guam's Limited Remand Order (the "Remand Order") of July 18, 2024, ordering this Court to consider Defendant's claim as set forth in its motion for stay and limited remand filed in the Supreme Court (hereinafter the "Appellate Motion") that the People failed to disclose exculpatory material. Representing Defendant Ben Castro Crisostomo (hereinafter "Defendant" or "Defendant Crisostomo") in this matter is Assistant Alternate Public Defender Peter J. Santos. Representing the People of Guam ("the People") in the instant matter is Assistant Attorney General Valerie A. Nuesa. The Remand Order further mandated this Court to issue a written decision and order resolving the matter within ninety (90) days from the date of the Remand Order, inclusive of any briefing and hearing. *Ltd Remand Order* at 7.

On August 2, 2024, the Court issued a Briefing Schedule requiring the parties to submit briefs identifying the particular exculpatory evidence which is the subject of the Appellate Motion and articulating their respective arguments. After reviewing Defendant's Opening Brief, the People's Responsive Brief, and the applicable statutes and case law, the Court now issues this Decision and Order.

## PROCEDURAL AND FACTUAL BACKGROUND

**A.      The Defendant's Charges and Procedural History.**

On February 16, 2023, a grand jury indicted Defendant of the following offenses: the First Charge of Aggravated Assault (As a Third Degree Felony), the Second Charge of Terrorizing (As a Third Degree Felony), the Third Charge of Child Abuse (As a Misdemeanor), and the Fourth Charge of Family Violence (As a Misdemeanor). *See Indictment* (Feb. 16, 2023).

A jury of twelve and four alternates was selected and Jury Trial was held on April 5, 6, 7, 18, 19, 21, and 24, 2024, respectively. As indicated in the Remand Order, two days prior to trial, on April 3, 2023, defense counsel filed an *ex parte* motion to compel discovery relating to an incident reported to police "involving the named victim and [P.C.], who is the father of the victim's children, wherein the victim made nearly identical allegations against [P.C.] that she has made against the Defendant Ben Crisostomo in this case. Defendant respectfully requests for any police reports where [J.W.] was a named victim where [P.C.]" Order at 2. Prior to the start of jury selection on April 5, 2024, the Court was prepared to address the defendant's motion to compel discovery of the subject police report; however, trial counsel indicated that the discovery request had been satisfied. See Order at 2-3 (citing Transcript (Tr.) at 5-6 *Jury Trial, Apr. 3, 2023)).

Also as indicated in the Order, during cross-examination of the victim on April 18, 2023 – fifteen days after the Court addressed the motion to compel, defendant's trial counsel referred to

J.W.'s similar allegations against P.C. during her cross-examination; however, did not impeach her using the police report which had already been provided to trial counsel two weeks prior. Order at 3-4.

Jury deliberations began on April 24, 2023. The jury returned a guilty verdict on all charges on April 25, 2023. *See* Min. Entry (Apr. 25, 2023); *see also Judgment of Conviction* (Jan. 30, 2024). On May 5, 2023, the Defendant filed its Motion for Judgment of Acquittal on Insufficiency of the Evidence, or in the Alternative, Declaration of Mistrial Based Upon Prosecutorial Misconduct on May 5, 2023. The People filed its Opposition to Defendant's motion on May 8, 2023. The Court heard oral arguments from the parties and took the matter under advisement on August 15, 2023, and issued its Decision and Order denying Defendant's motion on November 13, 2023. *See Decision and Order Re. Denying Defendant's Motion of Acquittal After Guilty Verdicts and Alternative Motion for a Mistrial* (Nov. 13, 2023).

On January 8, 2024, the Court sentenced the Defendant to a total sentence of five (5) years' imprisonment at the Department of Corrections, with all but three (3) years suspended, with credit for time served. *See Judgment of Conviction* (Jan. 30, 2024). A Notice of Appeal was filed and served upon this Court on February 9, 2024. *See* Ntc. of Appeal (Feb. 9, 2024). The Supreme Court issued its Remand Order on July 18, 2024, for this Court to consider Defendant's claims that "the People failed to disclose exculpatory material under *Brady v. Maryland.* . .and *Giglio v. United States.* . ." *Ltd. Remand Order* (Jul. 18, 2024).

In order to assist it in determining whether the People violated *Brady* or *Giglio* in providing defense counsel with the requested discovery on the eve of jury selection, this Court issued a briefing schedule ordering the parties to submit arguments and evidence in support of its motion, citing to the mandates of Criminal Procedure Rules CR1.1. *See Order Re. Briefing Schedule and*

*Hearing on Limited Remand Order of Guam Supreme Court* (Aug. 2, 2024). Defendant submitted his Opening Brief, Exhibit List and Witness List on August 16, 2024. The People submitted its Responsive Brief on August 26, 2024. The Court took the matter under advisement on October 1, 2024, without need of oral arguments from the parties. *See Order Re. Ltd. Remand Order; Matter Taken Under Advisement* (Oct. 1, 2024).[1]

**B. Defendant's Motion and Claims in Controversy.**

The basis for Defendant's Appellate Motion before the Supreme Court is "[d]uring the course of these [trial] proceedings, Crisostomo has obtained court filings showing that the victim in this case had provided statements to the Guam Police Department alleging that her ex-boyfriend [P.C.] had threatened to kill her on or about October 30, 2021." *Ltd. Remand Order* (Jul. 18, 2024) at p. 4. He further claims:

> [U]ndisclosed statements by the victim were not turned over to trial counsel. Trial counsel was informed that no reports existed in response to the Subpoena Duces Tecum for all reports in which the victim made complaints against ex-boyfriend [P.C.].

*Id.* In its Opening Brief to this Court, without citing to the specific evidence, the Defendant claims that undisclosed evidence was "impeaching," "inadvertently suppressed," and "prejudicial in that it deprived the Defendant of a fair trial because there was no time to prepare for the trial with respect to that evidence." *Def.'s Opening Brief* (Aug. 16, 2024) at p. 2. Defendant argues that "[h]ad the evidence been diligently provided when requested, the Defendant would have had adequate time to prepare using the suppressed evidence." *Id.*

---

[1] Initially, the Court ordered the parties to submit a list of all witnesses they intended to call at the hearing and a list of all exhibits they intended to introduce at the hearing. *See Order* (Aug. 2, 2024). However, the Defendant failed to specify the number and identities of witnesses he intended to call at the evidentiary hearing on the motion,. On that basis, the Court found that oral arguments were not necessary and proceed to take the matter under advisement. *See Order* (Oct. 1, 2024).

The Defendant's Exhibit List (Aug. 16, 2024) for the matter before this Court identifies the following exhibits, but no actual exhibits were submitted in support of the Motion:

A. Guam Police Report No. 23-02729, pp. 1-113, and photos.
B. Guam Police Report No. 21-26681, pp. 1-29
C. PO10-23, Petition for Temporary Order of Protection and OSC.
D. PO10-23, Declaration of Counsel.
E. PO10-23, Order of Protection.
F. CF330-20, Deferred Plea Agreement.

Moreover, no reference was made to the exhibits in the Defendant's Opening Brief to establish what exhibits or evidence was suppressed by the People or how the failure to timely provide the documents or purported discovery constituted a violation of *Brady, Giglio* and their progeny.

**B.      The People's Response**

To the Defendant's claims of a failure to disclose *Brady* evidence, the People retort to the Appellate Motion that "relevant statements and documentation from the Guam Police Department" were provided to Defendant during the course of discovery. *See Ltd Remand Order* (Jul. 18, 2024). In its responsive brief before this Court, the People argue that "it remains unclear [from Defendant's Opening Brief] . . .what statements Defendant claims were 'inadvertently suppressed' that were made by J.W. (and her children) to the police about P.C. *Ppl.'s Resp. Brief* (Aug. 26, 2024) at p. 3. The People further assert that the Defendant has failed to meet the "threshold of materiality" as he "does not specify the substance of the statements, the subject matter thereof, when they were made, and in what context and form(s) (whether verbal or written) they were made." *Id.*[2]

---

[2] The Court notes that the responsive brief filed by the People was not submitted by the same prosecutor who brought the matter to trial. AAG Grant Olan represented the People at trial and at the hearing during which the defendant's *ex parte* motion was argued.

## DISCUSSION

This Court's inquiry, as mandated by the Supreme Court, is whether the People have failed to meet their discovery obligations as mandated by *Brady/Giglio. See Ltd. Remand Order* (Jul. 18, 2024) at p. 6. Under 8 GCA § 70.10(a)(7), the People have an ongoing obligation to turn over "any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor." In addition, the People have an obligation to turn over any *Brady* material, i.e., material that is favorable and possibly exculpatory to the defense. *See Brady v. Maryland,* 373 U.S. 83, 87 (1963) ("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); *see also People v. Rugante,* 2019 Guam 23 ¶ 7. Impeachment evidence relating to government witnesses constitutes potential *Brady* material. *People v. Fisher,* 2001 Guam 2 ¶ 12; *see also Giglio v. United States,* 405 U.S. 150, 151-55 (1972) (holding evidence relating to credibility of government witnesses falls within *Brady*). "In order to establish a *Brady* violation, a defendant must establish each of the following: (1) the alleged *Brady* evidence is favorable to the defendant because it is exculpatory or impeaching; (2) the government suppressed the evidence, either willfully or inadvertently; and (3) the suppression prejudiced the defendant by depriving him or her of a fair trial." *People v. Mateo,* 2017 Guam 22 ¶ 13 (quoting *People v. Campos,* 2015 Guam 11 ¶ 29).

In addition to mandatory *Brady* disclosures, 8 GCA § 70.15(a) authorizes the courts to order prosecution to turn over other evidence upon "a showing of materiality to the preparation of his defense and that the request is reasonable." *Id.* ¶ 15. "A threshold showing of materiality must be established before the prosecution is obligated to turn over evidence to the defendant

either automatically (under section 70.10 and *Brady*) or following a motion by the defendant (under section 70.15)." *Id.* In order to establish "materiality," the defendant must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different. "A 'reasonable probability' is probability sufficient to undermine the confidence in the outcome." *People v. Fisher*, 2001 Guam 2 ¶ 13 (quoting *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988)).

### A. The Defendant has failed to identify with particularity what evidence was suppressed.

Despite being given another opportunity to specify what particular evidence was suppressed or provided to the Defendant with an insufficient time to prepare for trial, the Defendant refers only to this Court's Order identifying "statements made by J.W. (or her children) to police about P.C." or to "the requested discovery." The Defendant's Opening Brief fails to establish that whatever statements or reports made by J.W. or the children about P.C. were material to the defense other than by stating that "the evidence was impeaching." *Opening Brief* at 2. Additionally, the Defendant makes no attempt in his Opening Brief to explain to the Court how the documents identified in his Exhibit List constituted suppressed evidence, nor was any affidavit submitted by defense counsel to explain how the People suppressed these particular documents or statements in violation of *Brady* or *Giglio*. The Court notes further that Defendant's trial counsel informed the Court on the morning of the jury selection that outstanding discovery which was the subject of the *ex parte* motion to compel had already been provided prior to the start of trial, albeit on the eve of selection; however, two weeks later, the report or information was not used to impeach J.W. during cross-examination. *See Ltd Remand Order* at 2, 3-4.

Having failed to articulate in his Opening Brief the particular documentary evidence which was suppressed nor how such suppression resulted in prejudice, the Court echoes the Supreme Court's determination on the record's silence on this issue: "But the record is unclear whether other statements in the Government's possession may have been suppressed. The record is also silent on any potential prejudice that may have occurred from delayed disclosure." *Ltd Remand Order* (Jul. 18, 2024), p. 6. Certainly, the Court has reviewed the record and similarly comes to the same determination of the record's silence on the matter. The Court cannot make a determination upon mere speculation that certain evidence contains *Brady* material.

> 'Mere speculation that a government file may contain *Brady* material is not sufficient to require a remand for *in camera* inspection, much less reversal for a new trial. A due process standard which is satisfied by *mere speculation* would convert *Brady* into a discovery device and impose undue burden' upon the trial courts.

*Mateo*, 2017 Guam 22 ¶ 17 (emphasis added) (quoting *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984), *cert. denied*, 469 U.S. 1020 (1984).

### B.     The Defendant has failed to meet its burden pursuant to *Mateo* in establishing a *Brady* violation and materiality. Defendant had adequate time to prepare.

In consideration of the applicable caselaw and Guam statutes, the Court makes the following inquiry and determinations. First, what were the statements which were withheld? *See Mateo*, 2017 Guam ¶ 17. Defendant apparently claims in his Appellate Motion that "[d]uring the course of these proceedings, Crisostomo has obtained court filings showing that the victim in this case had provided statements to the Guam Police Department alleging that her ex-boyfriend [P.C.] had threatened to kill her on or about October 30, 2021." *Ltd Remand Order* (Jul. 18, 2024) at p. 4. As discussed, *supra,* the Defendant has failed to articulate in its Opening Brief what those statements are specifically and has failed to identify the discovery documents in which they are

contained. Clearly, this Court cannot speculate as to which of the exhibits identified in Defendant's Exhibit List were suppressed. Moreover, contrary to appellate counsel's claim in his Appellate Motion (as articulated in the Supreme Court's Limited Remand Order), during the April 5, 2023, hearing, Defendant's trial counsel had affirmed receipt of all outstanding evidence and, despite being aware of J.W.'s accusations against P.C., apparently chose not to use the evidence to impeach J.W. on April 18, 2023. In support of this finding, the Remand Order notes the following:

> The People then made an oral motion in limine to exclude testimony about the other incident. Id. at 6-7. The court responded, "I think at this point, it's probably not necessary to conduct a review of that particular complaint. I think it satisfies the request that he had, at least in terms of what other information might be out there to allow them to prepare." Id. at 7. Defense counsel added, "*We'll just reserve that if, during testimony, there is rebuttable or impeachable testimony offered by any witness that the reports could serve to impeach -- then, you know, we reserve the right to use it. It's just like any other information that we could use to impeach.*" Id. To which the trial court responded, "I think we can cross that bridge when we get to it." Id. The record seems to indicate that the allegations were referenced during cross-examination of [J.W.], *but the police report was not used to impeach her*[.][3]

Second, are the statements exculpatory? *See Mateo*, 2017 Guam 22 ¶ 13. The Defendant has failed to articulate how these statements are exculpatory, let alone demonstrate how the People have willfully or inadvertently suppressed those statements.

Third, are those statements material? *Id.* ¶ 15. Is there a reasonable probability that the result of the proceedings would have been different had they been disclosed? Once again, without knowing with certainty the identification or the context surrounding the alleged statements, the Court cannot make a determination as to its materiality.

---

[3] *Ltd Remand Order* at 3 (quoting Transcript (Tr.) at 5-6 (Jury Trial, Apr. 5, 2023)(emphasis added).

Nevertheless, even if the Court assumes *arguendo*, for the purpose of deciding the matter currently before it, that the statements made by J.W. (or her children) accusing P.C. of similar acts were exculpatory and material, the Court finds that the People's disclosure of the requested discovery identified in defendant's trial counsel's *ex parte* motion to compel, the receipt of which was confirmed by trial counsel on April 5, 2023, was made "at a time when it still has value." *United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011). Thus, there was no prejudice to Defendant. In this instance, *People v. Tedtaotao*, 2015 Guam 31, supports a finding that Defendant suffered no prejudice.

In *Tedtaotao*, the Guam Supreme Court found that "no *Brady* violation occurs '[even] if previously undisclosed evidence is disclosed during trial, unless the defendant is prejudiced by the delay in disclosure.'" *People v. Tedtaotao*, 2015 Guam 31 ¶52 (citation omitted). "In such a case," the Supreme Court continued, "the appropriate standard to apply is essentially whether the disclosure came so late as to prevent the defendant from receiving a fair trial. . . . If a defendant receives exculpatory evidence in time to make effective use of it, a new trial is generally not warranted." *Id.*

The disclosure in *Tedtaotao* was of a co-defendant's statement which he later retracted, the retraction of which was discovered by the People during witness preparation after the trial had already begun. The People provided no written discovery to the defendant informing him of the retraction nor did they notify Tedtaotao in any way. *Id.* ¶53. Tedtaotao, instead, only became aware of the retraction during his defense counsel's cross-examination of the co-defendant who had made the statement and later retracted his statement, while the co-defendant was on the stand. In this instance, the Supreme Court ruled that no *Brady* violation occurred, and that Tedtaotao had not been deprived of a fair trial despite the People's failure to inform him of the retraction, reasoning:

[53]  Evidence that Cruz had retracted an earlier statement is clearly *Brady* material because it impeaches a government witness. Moreover, the People did not provide Tedtaotao with this information when they had a duty to do so.

[55]  However, Tedtaotao was not deprived of a fair trial. Tedtaotao had full opportunity to cross-examine Cruz regarding Cruz's retraction and retracted statements. Moreover, as the trial court noted, "[Cruz] was also listed on [Tedtaotao's] witness list and [Tedtaotao] was free to call [Cruz] on the stand, further question [Cruz] in front of the jury, and further attack his credibility, bias, and truthfulness." [citation omitted]. Finally, the fact that Tedtaotao did not move for a continuance in order to prepare his case in chief in light of the new evidence hurts any argument that he suffered prejudice as a result of the delay. *See Kitano,* 2011 Guam 11 ¶ 27.

The People's "inadvertent suppression" (as described by Defendant in his Opening Brief) is far less egregious than that of the prosecutor in *Tedtaotao.* Here, Defendant's trial counsel acknowledged the receipt of all outstanding discovery as identified in his *ex parte* Motion to Compel on April 5, 2023 – at least thirteen (13) days prior to his cross-examination of J.W. on April 18, 2023. He had more than ample time to prepare to impeach J.W. with any information – police reports, protective orders, any documentary or other evidence – disclosed by the People even on the eve of trial and most certainly had adequate time to prepare during the two weeks in which Defendant had the information. 8 GCA § 80.40 entitles a defendant to "at least five (5) days after entering his plea to prepare for trial." Like the defendant in *Tedtaotao*, Defendant here asserted his right to speedy trial; however, as the Supreme Court noted in *Tedtaotao,* no request for a continuance was made; but, in any event, he had more than the minimum five (5) days in which to prepare to impeach the witness J.W. with the discovery, even if it was provided on the eve of trial.

Thus, the Court finds that the Defendant has failed to meet his burden of showing that the People have committed a *Brady* violation in this matter.

## CONCLUSION

For the above reasons, the Court finds that the People did not suppress any discovery in its possession nor fail to provide exculpatory evidence to the Defendant in violation of *Brady*, *Giglio* or Guam Supreme Court precedent. The statements made by J.W. (or her children) to police about P.C. were disclosed to the Defendant with adequate time to prepare for the cross-examination of J.W. at trial. Even assuming *arguendo* that any evidence was suppressed – which the Court does not find – the Defendant Crisostomo suffered no prejudice.

**SO ORDERED** this 16th day of October, 2024.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_A.G., APO_

10/16/24  5:29 pm
Date     Time
Antonio G. Cruz
Deputy Clerk, Superior Court of Guam